Randall G. Nelson
NELSON LAW FIRM, P.C.
2619 St. Johns Avenue, Suite E
Billings, MT  59102
rgnelson@nelsonlawmontana.com
(406) 867-7000
(406) 867-0252 Fax
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| THREE BLIND MICE, | ) Cause No. CV-18-103-BLG-SPW |
| | ) |
| Plaintiff, | ) |
| | ) **AMENDED COMPLAINT FOR** |
| vs. | ) **DECLARATORY RELIEF, FOR** |
| | ) **PROMPT HEARING, AND FOR** |
| UNITED STATES DEPARTMENT | ) **RESTRAINING ORDER** |
| OF JUSTICE, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

Plaintiff, Three Blind Mice ("TBM"), by and through its attorneys, Nelson Law Firm, P.C., for its Amended Complaint for Declaratory Relief, for Prompt Hearing, and for Restraining Order states and alleges as follows:

1. TBM is a Wyoming LLC organized and existing under the laws of the state of Wyoming with its principal place of business located in Casper, Wyoming. TBM's managing member, Stephen Casher, is a citizen and resident of Billings,

1

Yellowstone County, Montana.  The real property at issue in this cause is located in Yellowstone County, Montana.

2. The United States Department of Justice is an agency of the United States government (hereinafter for brevity's sake the "U.S.") acting on behalf of the people of the United States of America through the powers invested in the executive branch pursuant to Article 1 of the U.S. Constitution.

3. TBM notifies the Court that this matter is related to Montana federal district court Cause No. CR 18-85-BLG-DLC (hereinafter the "Price Indictment").

4. On June 21, 2018, the U.S. Department of Justice through its attorneys obtained and filed the Price Indictment.  The Price Indictment is not disputed in this action, nor is there any attempt to re-litigate the grand jury findings herein.  Related to the Price Indictment, on July 3, 2018, the U.S. filed (or imminently promised to file) a lis pendens on certain property owned by TBM (corresponding to the properties identified in the Price Indictment) and located within Yellowstone County, Montana, for the expressed purpose of "preventing" TBM from exercising its right to sell its property according to the Assistant U.S. Attorney ("AUSA") assigned to the case.  The U.S. has not filed a civil forfeiture action and courteously advises it will not unless in its opinion "it becomes necessary."  The U.S. knows that TBM cannot exercise the normal rights of

ownership of property while its lis pendens is filed.

5. With collegial respect and due respect for the talented and noble efforts of the U.S. personnel, the U.S.'s actions are misguided and injurious to TBM, an innocent bystander to the Price Indictment. By filing a lis pendens, the U.S. has obviously impaired TBM's right to sell its property. However, the U.S. has not, and apparently does not wish to file a forfeiture action under which the property owner has a right to a prompt hearing from the Court. In other words, the U.S. wishes to prevent TBM from exercising its rights of private property ownership without affording it the due process rights of an adjudication on the merits of the U.S.'s position that it can control TBM's ability to freely transfer its property under state law.

6. TBM has engaged in no unlawful activity. TBM is not a target or suspect of a crime. The FBI has stated that TBM is merely an innocent victim of the crimes which the FBI believes Mr. Larry Price ("Price") committed. The U.S. apparently thinks it is entitled to impair TBM's property rights because TBM acquired the property from Price via Quit Claim Deeds on April 27, 2018. TBM recorded the Quit Claim Deeds with the Yellowstone County Clerk and Recorder on May 7, 2018.

7. The Price Indictment finds probable cause for prosecution of Price for

violation of federal law in party with regard to his loan transaction with TBM. The U.S. has yet to prove or declare that Price's alleged crime is tied to TBM's acquired property. In the meantime, the U.S. has opted to indefinitely suspend TBM's ability to exercise its rights by filing a lis pendens without any proposal to the Court of how the impairment of the property will be resolved, or how its actions benefit the U.S. people or the alleged crime victims.

8. On October 6, 2016, Price and TBM entered into a loan through a one page Promissory Note. The loan did not provide for collateral to secure the indebtedness. Price defaulted on repayment under the Promissory Note. TBM and Price thereafter entered into loan workout discussions. The discussions resulted in voluntary cooperation between the borrower (Price) and private lender (TBM), as is often the case. Price agreed to transfer real property he and his wife owned with the purpose of satisfying the loan indebtedness. Price also consented to judgment in favor of TBM in the amount of $11,000,000.00 plus interest, attorney fees, and costs. A copy of the Confession of Judgment is attached as Exhibit A. A copy of the Judgment is attached as Exhibit B. Copies of the relevant Quit Claim Deeds are attached as Exhibit C. No person has challenged the validity of judgment or the real estate transfer. Mr. Price has not repudiated his actions in attempting to satisfy the judgment indebtedness.

9. TBM has made plans to sell the acquired property to attempt to satisfy the judgment debt, as it is its legal right to do so.  TBM has a buyer who is willing and able to purchase the property.  Price has not filed bankruptcy.  TBM is entitled to sell its property to satisfy the indebtedness owed to it under the judgment, the same as any judgment creditor is entitled to sell debtor assets.  The U.S.'s stated purpose in intervening in an otherwise private civil matter is apparently the equal outcome distribution of Price's current or former assets to all creditors.  However, the U.S.'s perceived mission to effectuate an egalitarian outcome between TBM and all of Price's other creditors does not exist in the law.  Further the U.S. has not filed a lis pendens on all of Price's property, but instead has only targeted TBM with its unlawful action.  The U.S. is not empowered under federal or state law to undertake its planned mission.  To the contrary, a judgment creditor is entitled to satisfy its indebtedness without regard to other creditors.  TBM's actions violate no state or federal law, and give the U.S. no cause to intervene in a creditor efforts to be made whole.

10. The U.S. is statutorily empowered to seize real or personal assets under certain prescribed circumstances in a civil forfeiture proceeding.  However, the U.S. must file a civil forfeiture action, which the U.S. has not done.  There is a significant distinction between seizing the property of a person indicted for

alleged crimes after a grand jury proceeding, as with Price, and effectively seizing the property of the victims of an alleged crime, as is the case with TBM. If a civil action is filed, a property owner is understandably entitled by statute to a prompt hearing in order to comport with due process. Instead, the U.S. apparently wishes to bottleneck the process without providing TBM the due process of a prompt hearing. TBM demands a prompt hearing on the U.S.'s lis pendens, since it effectively seizes TBM's property by preventing sale.

11. The U.S. personnel responsible for filing the lis pendens have fashioned their own idea that TBM has acted improperly even though no law supports their position. Contrary to the FBI's statement that TBM is an innocent victim, the U.S. has stated through its AUSA, "Our position is that TBM came into possession of the properties knowing of the fraud and that there were other victims of the fraud. As such, they are not innocent purchasers . . ." (See Exhibit D.)

12. Montana real property ownership is not subject to the U.S.'s invention of the above quoted idea. Outside of bankrupcty, a creditor is not obligated to act for the benefit of other creditors. A non-regulated private lender is not obligated to act for anyone else. The U.S.'s apparent interest in forcing equal outcomes among creditors finds no support in the law. A creditor like TBM is not obligated to examine the motives, veracity, or the possible criminal intent of

a party who breaches a contract and owes a debt. The voluntary transfer of property in order to satisfy indebtedness is not illegal, but in fact occurs every time a consumer surrenders such things as a home or a car when a loan is in default. TBM's actions in filing suit and extracting a transfer of property in satisfaction of the debt owed it violated no law, regardless of whether its actions are to anyone's liking.

13.   The U.S.'s actions violate its due process obligation to provide TBM a prompt hearing on the merits of its request that its property be relieved of the unlawful restraints placed upon it by the U.S.

14.   This Court is empowered under Article III of the U.S. Constitution to hear, adjudicate, and decide the rights and responsibilities of the parties to this dispute, pursuant to 28 U.S.C. § 2201.

15.   It has been necessary for TBM to engage the services of an attorney in order to prosecute this action. Therefore, TBM is entitled to its reasonable and necessary attorneys fees.

16.   The U.S.'s wrongful actions have caused and are causing significant irreparable injury to TBM, to be proven herein. For each day that TBM is prevented from exercising the right to sell its property with clear title, TBM is incurring financial damage. For each day that TBM is delayed by the U.S's

wrongful actions, it is incurring expenses that it would not have otherwise incurred, in amounts to be proven herein. A restraining order against the U.S. is appropriate to prevent current and future harm. The U.S. should be enjoined from further actions that interfere with TBM's right of self determination of its property rights.

WHEREFORE, TBM prays for judgment as follows:

1. For judgment in favor of Plaintiff and against Defendant;

2. For a declaration that TBM enjoys the rights of ownership and self determination of its property;

3. For injunction against the U.S. from further interference in TBM's private property rights;

4. For a prompt hearing as required by statute;

5. For costs of suit; and

6. For reasonable and necessary attorneys fees.

DATED this 10th day of July, 2018.

/s/ Randall G. Nelson
Randall G. Nelson
NELSON LAW FIRM, P.C.
ATTORNEYS FOR PLAINTIFF